VICTORY, J.,
dissenting.
U dissent from the majority opinion holding that notice of a medical review panel’s dissolution is necessary to trigger the running of the 90-day period in La. R.S. 40:1299.47. While there is some support for this holding, the statutes i-egard-ing this issue conflict and the majority’s opinion leads to absurd consequences. La. R.S. 40:1299.47(B)(l)(b) px-ovides that if an medical review panel opinion is not i*en-dered within 12 months of the date of notification of the selection of the attorney chairman, suit may be instituted against the health care provider. That statute also provides that either pai-ty may ask for an extension of the 12 month period for good cause shown. La. R.S. 40:1299.47(B)(l)(b). After the 12 month period or any court ordered extension, the medical review panel shall be dissolved without the necessity of obtaining a court order and suit may then be filed against the health care provider. La. R.S. 40:1299.47(B)(l)(b). That statute does not *127 require notice to the parties that the panel has been dissolved and allows for suit to be filed upon the automatic dissolution of the panel. On the other hand, La. R.S. 40:1299.47(B)(3) provides:
Ninety days after the notification to all parties by certified mail by the attorney chairman of the board of the dissolution of the medical review panel or ninety days after the expiration of any court-ordered extension as authorized by Paragraph (1) of this Subsection, the suspension of the running of prescription with respect to a qualified health care provider shall cease.
| .¿This statute appears to provide that the suspension of prescription ceases ninety days after (1) notification to all parties by certified mail of the dissolution of the panel; or (2) the expiration of any court ordered extension. The problem I see -with this statute is that no provision of the Medical Malpractice Act requires that the parties be notified of the dissolution of the panel, and, it makes no sense that a party could file suit after expiration of the 12 month period with no notification, but that prescription is still suspended during that time because of the lack of notification. Also, the attorney chairman’s duties end with the dissolution of the panel and it is highly unlikely that the panel would ever notify the parties of its dissolution, given that they had not been working to render an opinion within the 12 month period. In addition, La. R.S. 40:1299.47(B)(l)(b) provides that the suspensive period ceases by operation of law. Further, under the majority’s holding, if the parties are never notified, prescription will be forever suspended, and that cannot have been the intent of the legislature. Also, there is no logical reason why notification would be required where the panel is dissolved after the ordinary 12 month period, but not when the parties got an extension of the 12 month period. Finally, can a plaintiff whose lawsuit has been dismissed for failure to file suit within 90 days of the dissolution of the panel now go back and have that judgment of dismissal nullified if he or she never received actual notice of the panel’s dissolution from the attorney chairman?
In my view, given that the language of La. R.S. 40:1299.47(B)(3) is inconsistent with the other provisions of the MMA which do not require notice of the panel’s dissolution in order for a plaintiff to file suit against the health care provider, and given that the majority’s interpretation of that statute to require notice would lead to the absurd result of having prescription suspended forever, I disagree with the majority opinion and respectfully dissent.
GUIDRY, Justice, dissents and assigns reasons.
|J respectfully dissent from the majority opinion for the reasons expressed in Justice Victory’s dissent. I write separately to suggest that, given the conflicting provisions in La.Rev.Stat. 40:1299.47 regarding whether notice of the dissolution of a medical review panel is necessary to commence the running of the ninety-day suspensive period, and given a majority holding that could lead to absurd consequences, the legislature should consider revisiting this provision in the Medical Malpractice Act to provide consistency on the notice requirement.